IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Scottsdale Insurance Company,          )
                                       )
                    Plaintiff,         )      C.A. No. 7:20-1234-HMH
                                       )
        vs.                            )      **OPINION & ORDER**
                                       )
Lynn Thomas, AC Finance, LLC, Paul J.  )
Gibson, Michael Anthony Walker, Tyler  )
McGill, and Jessica Walker,            )
                                       )
                    Defendants.        )

This matter is before the court on Defendants AC Finance, LLC ("AC Finance") and

Paul J. Gibson's ("Gibson") (collectively "Movants") motion to dismiss or, in the alternative,

stay pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the

reasons set forth below, the court grants in part and denies in part Movants' motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an accident that occurred on November 10, 2017. On that date,

Lynn Thomas ("Thomas") alleges that Michael Anthony Walker ("M. Walker"), Jessica Walker

("J. Walker"), and Tyler McGill ("McGill") arrived at her residence to repossess a vehicle that

she was purchasing. (Compl. ¶ 23, ECF No. 1.) Thomas claims that as M. Walker attempted to

drive the vehicle away, she jumped onto the hood. (Id. at ¶ 24, ECF No. 1.) Moreover, as M.

Walker drove away, Thomas was allegedly thrown off and then struck by another vehicle on the

road driven by either McGill or J. Walker. (Id., ECF No. 1.) Thomas filed suit in state court

against AC Finance, Gibson, M. Walker, J. Walker, and McGill, amongst others, asserting

1

claims of negligence and violation of S.C. Code Ann. § 36-9-609 ("underlying action").  (Id. at ¶ 25, ECF No. 1.)

Scottsdale Insurance Company ("Scottsdale") issued a policy ("the Policy") to AC Finance, a now-dissolved limited liability company, providing commercial general liability insurance subject to certain terms, conditions, limitations, and exclusions for the time period of September 28, 2017 to September 28, 2018.  (Id. at ¶¶ 3, 9, 26, ECF No. 1.)  Gibson was the sole member of AC Finance.  (Compl. ¶ 3, ECF No. 1.)  Scottsdale is providing AC Finance, Gibson, M. Walker, J. Walker, and McGill a defense in the underlying action subject to a separate reservation of rights under the Policy.  (Id. at ¶ 11, ECF No. 1.)

In the instant declaratory judgment action, Scottsdale seeks declarations that (1) it has no duty to defend or indemnify in the underlying action based on the Policy's auto exclusion ("Count I"); (2) in the alternative, it has no duty to defend or indemnify J. Walker or McGill because neither party qualifies as an insured under the Policy ("Count II"); (3) in the alternative, it has no duty to indemnify AC Finance, Gibson, M. Walker, J. Walker, and McGill because of the Policy's assault and battery exclusion ("Count III"); and (4) in the alternative, it has no duty to indemnify AC Finance, Gibson, M. Walker, J. Walker, and McGill with respect to any damages that fall within the ambit of the Policy's punitive or exemplary damages exclusion ("Count IV").  (Id., generally, ECF No. 1.)  On June 1, 2020, Movants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.  (Mot. Dismiss, generally, ECF No. 11.)  Scottsdale filed a response on June 11, 2020.  (Resp., ECF No. 16.)  This matter is now ripe for review.

## II. Discussion of the Law

### A. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Rule 12(b)(1) Standard**

In a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Eldeco, Inc. v. Skanska USA Bldg., Inc., 447 F. Supp. 2d 521, 523 (D.S.C. 2006) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment." Id.

**C. Lack of Subject Matter Jurisdiction**

Movants argue that the instant matter should be dismissed for lack of subject matter jurisdiction based on two grounds: (1) there is no evidence that the requisite amount in controversy for purposes of diversity jurisdiction has been satisfied, and (2) the issue of the duty to indemnify is not ripe for adjudication.  (Mot. Dismiss 2-3, ECF No. 11.)

The complaint was filed in this court on the basis of diversity jurisdiction.  (Compl. ¶ 12, ECF No. 1.)  However, Movants argue that the court lacks subject matter jurisdiction because "there is no evidence that the jurisdictional amount of $75,000 is in controversy[.]"  (Mot. Dismiss 2, ECF No. 11.)  When a plaintiff is seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." Francis v. Allstate Ins. Co., 709 F.3d 362, 367-69 (4th Cir. 2013) (citations and internal quotation marks omitted) (calculating the amount in controversy, in the context of an insurance company seeking a declaratory judgment, and including both the value of the underlying action and the cost of

4

defense in the underlying action).  Courts look to "the pecuniary result to either party which [a] judgment would produce."  Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964).

When considering the potential pecuniary result in the instant matter with regard to the underlying action, Scottsdale may be responsible for the costs of defending five individuals and indemnity costs for Thomas' medical expenses, which she claims total $318,325.01.  Moreover, Thomas seeks punitive damages.  Gordon v. Nat'l Bus. Consultants, Inc., No. 87-2676, 1988 WL 86618, at *1 (4th Cir. Aug. 19, 1988) (unpublished) (noting that "punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement").  Thus, it is clear that Scottsdale potentially faces a pecuniary result in excess of $75,000.00.

Additionally, Movants argue that the instant matter should be dismissed because the issue of the duty to indemnify is not ripe for adjudication.  (Mot. Dismiss 3, ECF No. 11.) Movants correctly assert that "[t]he duty to indemnify is based upon the evidence found by the factfinder."  (Id., ECF No. 11 (citing Ellet Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001).)  In response, Scottsdale concedes that, independently, the duty to indemnify issue is not ripe and requests that the court stay Counts III and IV, which solely seek declarations regarding indemnification.  (Resp. 10-11, ECF No. 16.)  However, Scottsdale argues that the duty to indemnify issue is ripe when paired with the duty to defend, thereby permitting adjudication of the duty to indemnify issue in Counts I and II.  (Id., ECF No. 16.)

To support this argument, Scottsdale contends that when there is no duty to defend, there is no duty to indemnify.  (Id. at 10, ECF No. 16.)  Therefore, Scottsdale argues that if the court determines that there is no duty to defend, the court could also determine that there is no duty to

indemnify.  (Id., ECF No. 16.)  In support of its position, Scottsdale cites Penn-America

Insurance Co. v. Coffey, 368 F.3d 409, 413 (4th Cir. 2004), which iterates that "[a]lthough an

insurer's duty to *indemnify* will depend on resolution of the facts alleged in the complaint, no

such factfinding is necessary if there is no duty to *defend* because the allegations, even when

taken as proved, would fall outside the policy's coverage[]" and Union Insurance Co. v. Soleil

Group, Inc., 465 F. Supp. 2d 567, 575 n.3 (D.S.C. 2006), which states that "the issue of an

insurer's duty to indemnify may be ripe prior to a judgment against the insured[.]"  (Id., ECF

No. 16.)

        In South Carolina, the duty to defend is broader than the duty to indemnify, and thus, if

there is no duty to defend, there is no duty to indemnify.  See Liberty Life Ins. Co. v.

Commercial Union Ins. Co., 857 F.2d 945, 950 (4th Cir. 1988) (applying South Carolina law);

Starr Indem. & Liab. Co. v. JCW Holdings, LLC, Civil Action No. 4:12-cv-3271-RBH, 2014

WL 2864157, at *3-4 (D.S.C. June 23, 2014) (unpublished) (applying South Carolina law).

However, Scottsdale's arguments in reliance on Penn-America and Union are unpersuasive.  In

Penn-America, the court opines in dicta that factfinding is not necessary to decide whether there

is a duty to indemnify if there is no duty to defend.  368 F.3d 409, 413 (noting that, under

Virginia law, an insurer's duty to defend arises when the complaint alleges facts and

circumstances, some of which, if proved, would fall within the risk covered by the policy and

finding that the district court should have exercised jurisdiction, in part because the issue of the

duty to defend did not require resolving the facts in the underlying litigation).  Further, in

Union, the court merely quotes Penn-America and states that the "duty to indemnify *may* be ripe

prior to a judgment against the insured" in dicta, as the court ultimately found that the lack of an

underlying complaint was determinative. 465 F. Supp. 2d 567, 575 n.3 (emphasis added) (indicating that neither the duty to defend nor the duty to indemnify were ripe without an underlying complaint).

Instead, courts applying South Carolina law routinely dismiss claims seeking declarations on the duty to indemnify while addressing the duty to defend. See, e.g., Colony Ins. Co. v. Hucks Pool Co., Inc., Civil Action No.: 4:17-cv-02014-RBH, 2018 WL 902295, at *3 (D.S.C. Feb. 15, 2018) (unpublished); U.S. Fidelity & Guar. Co. v. Ellett Bros., Inc., No. C/A 3:00-3691-24, 2003 WL 23851137, at *2-8 (D.S.C. Feb. 11, 2003) (unpublished). Irrespective of the scope of the duty to defend, the court cannot consider the duty to indemnify until there have been factual findings in the state court in the underlying action. See FCCI Ins. Co. v. Island Pointe, LLC, 309 F. Supp. 3d 399, 406 (D.S.C. 2018)

Further, the court declines to stay the issues on the duty to indemnify, as requested by Scottsdale, or the entirety of the action, as requested by Movants. After there have been factual findings in the state court in the underlying action, Scottsdale may file an action seeking a declaration on the duty to indemnify issue. Moreover, because the duty to defend is not dependent on a factfinder, the court declines to stay those claims. Therefore, Counts III and IV, and Scottsdale's requests for declarations on the duty to indemnify in Counts I and II, are dismissed without prejudice.

### D. Failure to State a Claim

Movants also argue that Scottsdale's declaratory judgment action should be dismissed for failure to state a claim. (Mot. Dismiss 3-4, ECF No. 11.) More specifically, Movants assert that Count I of the complaint fails to state a claim because the auto exclusion does not apply to

7

the circumstances at issue and that, because the underlying complaint creates a possibility of coverage under the Policy, Scottsdale has a duty to defend.  (Id. at 3-4, ECF No. 11 (citing Isle of Palms Pest Control Co. v. Monticello Ins. Co., 459 S.E.2d 318, 319 (S.C. Ct. App. 1994).)  However, "[a] Rule 12(b)(6) motion to dismiss does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (citations and internal quotation marks omitted).

Under Count I, Scottsdale seeks declarations that it has no duty to defend or indemnify based on the Policy's auto exclusion, which it claims precludes coverage for bodily injury arising out of the use of any auto owned or operated by any insured.  (Compl. ¶¶ 39, 40, ECF No. 1.)  Because several parties involved in the underlying action may be deemed insureds, Scottsdale's complaint raises an actual case or controversy.  Moreover, Movants' argument that Scottsdale has a duty to defend in the underlying action, based on the allegations in the underlying complaint creating a possibility of coverage, concerns facts that are in dispute and addresses the merits of the instant matter.  Therefore, Movants' motion to dismiss for failure to state a claim is denied.

It is therefore

**ORDERED** that Movants' motion to dismiss or, in the alternative, stay, docket number 11, is granted in part and denied in part.  Counts III and IV, and the claims seeking declarations on the duty to indemnify in Counts I and II, are dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

8

Greenville, South Carolina
June 30, 2020